No. 315

SEFERIAN v. BAUMANN

No. 18976. Supreme Court

Motion to direct Lucas Appeals to certify. Dock. Feb. 24, 1925; 3 Abs. 146.

545. FORFEITURE—Does it take place upon default of payment on property, when vendor has made no objection and accepts payments subsequent to default?

Ezekiel Seferian entered in December 1916 into a conrtact with Annie Baumann for the purchase of real estate for $5750. Mrs. Baumann died in Feb. 1918, leaving a will, and Albert Baumann, her husband, as executor, brought suit in the Lucas Common Pleas seeking to recover the property and to quiet title. It was contended by him that the contract entered into by Seferian and Mrs. Baumann recited that upon default there was to be a forfeiture of the property in Seferian's possession; and the payments in the hands of Baumann were to be retained together with any improvements made upon the property in the course of Seferian's possession.

Seferian made regular monthly payments until 1920, when he defaulted a month's payment which has not since been made up, and in 1921, he paid only 8 of the 12 installments. Seferian contended that Baumann did not object to the defaults but that he said he understood that conditions were bad and did not mind them. It was also contended by Seferian that $1800 in improvements had been expended upon the property and that several banks had offered to make him loans for $5000 on the property, and the property had increased in value to the extent of $10,000.

The judgment in the Common Pleas Court was in favor of Seferian and the petition of Baumann was dismissed. Error was prosecuted and the Appeals in reversing the judgment of the lower court said:—The contract entered into by the parties was neither unreasonable or unfair. Contracts are made to be performed, not to be violated and it is the duty of the court to enforce contracts instead of permitting parties to partially perform, and then ignore other provisions.

The case is brought to the Supreme Court seeking to reverse the decision of the Appeals, Seferian contending that the Appeals decision is in line with its settled policy of declaring a forfeiture for default in payment under contracts of this kind, and is not merely its conclusion based on the facts in this particular case. Raymond v. Railway Co., 52 OS. 271

and Brock v. Hidy, 13 OS. 306, cited.

Attorneys—Johnson, Johnson & Farber, and Ralph Emery, Toledo, for Seferian; Albert V. Baumann, Tiffin, for Baumann, et.

---

No. 316

SCHAEFER v. BREWER, Admr., et al

No. 18889. Supreme Court

On motion to direct Cuyahoga Appeals to certify. Dock. Jan. 2, 1925, 3 Abs. 18.

516. FEES AND COSTS—Is counsel entitled thereto, when money is put into estate due to his services, but he is not employed by administrator?

Ferdinand Valentine gave Charles Schaefer a power of attorney in March 1921, authorizing him to take charge of his personal affairs and property, and especially authorizing him to collect from his son, Richard Valentine, $5,000 loaned him several years before. The power of attorney was revoked by the death of Ferdinand Valentine, in April 1921, and his will was produced and probated, in which Richard and a minor son were named sole beneficiaries.

No inventory of the estate was filed and it was represented as insolvent. Schaefer presented a claim to Valentine, the executor for $181.25 for expenses incurred, and services performed, while acting under his power of attorney. The claim was rejected and suit in the Cleveland Municipal court was instituted, wherein Schaefer recovered judgment for the full amount.

Thereupon Schaefer as a creditor, filed a complaint in the Probate Court charging Richard Valentine with concealing, embezzling, and conveying away assets of the estate. Valentine was required to file an inventory; and the court sustained Schaefer's complaint and exceptions to the inventory. Valentine was removed as executor and was charged with $6075.51 in addition to what he had previously accounted for. After his removal he paid the judgment of $181.65, also $80 for costs.

Schaefer then filed an application for the appointment of an administrator de bonis non with the will annexed, and N. J. Brewer was duly appointed. Schaefer presented his claim for costs and attorney's fees to Brewer, who rejected it. Schaefer commenced action in the Probate court by filing a petition. Brewer contended that the court had no jurisdiction of the action, it being one to allow a creditor, out of an estate, for his services in an effort to collect his own bill. All persons interested under the will were made parties defendant. Brewer demurred to the petition. Demurrer was sustained by the Probate and the petition dismissed. The case on being taken to the Court of Appeaols was reversed by it and the Probate decision affirmed.

In bringing the case to the Supreme Court, Schaefer contends that the Probate Court is vested with power to apply both legal and equitable principles in determination of questions arising in settlement of estates.

When beneficiary recovers trust property and bears expenses, a reasonable fee will be allowed to his attorney as part of costs. Harris v. Harris, 5 N. P. N. S. 239; Trumpler v. Royer, 95 OS. 194, cited.

Attorneys—Gordon & Gordon for Schaefer; Hole, Jeremiah, and Jewitt for Brewer; all of Cleveland.